UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| UBS FINANCIAL SERVICES INC., a Delaware corporation,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>HENRIQUE BERGER, an individual,<br><br>　　　　　Respondent.<br>_____/ | No. C 13-03770 LB<br><br>**ORDER PERMITTING SERVICE OF PETITION AND MOTION VIA E-MAIL** |

　　Petitioner UBS Financial Services, Inc. originally filed this action as a petition and motion to confirm a FINRA arbitration award issued on April 19, 2013 against Respondent Henrique Berger, a former UBS employee. *See* Petition, ECF No. 1; FINRA Case No. 11-00694; Goldberg Decl. ¶ 13, ECF No. 14-1.[1] UBS was unable to serve its Petition and Motion to Confirm upon Berger, so it withdrew its motion "to ensure that Respondent has adequate time to respond to the Motion." Notice of Withdrawal, ECF No. 9 at 2. On December 23, 2013, UBS filed the pending *ex parte* application for an order permitting it to serve Berger by e-mail or, in the alternative, by publication. ECF No. 14.

　　In its application and the supporting declaration, UBS shows that it has attempted to serve Berger personally and by certified mail at two different addresses. *See* Goldberg Decl. ¶¶ 4-10, ECF

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

C 13-03770
ORDER

No. 14-1. UBS sent a message to Berger at the e-mail address he used to correspond during the arbitration, asking him to provide his current address or waive personal service. *Id.* ¶ 11. Berger did not reply. *Id.* ¶ 12. UBS unsuccessfully tried to locate Berger by searching public record indexes. *Id.* ¶ 13. UBS located Berger's LinkedIn profile, which shows that he currently resides in Sao Paolo, Brazil. *Id.* ¶ 14, Ex. D (printout of Berger's LinkedIn profile). Finally, the court held a hearing on UBS's application on January 16, 2014. *See* Docket. At the hearing, UBS's counsel stated on the record that UBS knew of no e-mail addresses for Berger other than the gmail hberger57@gmail.com.

In its *ex parte* application, UBS asks the court to permit it to serve Berger in Brazil by e-mail. Federal Rule of Civil Procedure 4(f) authorizes service of process on an individual in a foreign country in the following ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by:
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

"As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (affirming propriety of service of process by e-mail). While Rule 4(f)(3) gives the court discretion to "craft alternate means of service," such means still must comport with constitutional notions of due process. *Id.* at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably

calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (Jackson, J.)).

Here, UBS proposes to serve Berger through the e-mail address hberger57@gmail.com, which he used to correspond during the underlying arbitration action. The court is not aware of any international agreement that would prohibit UBS from serving Berger via e-mail. At the January 16, 2014 hearing in this matter, UBS's counsel stated on the record that it was not aware of any such prohibition, either. The court therefore concludes that the service through e-mail is an appropriate means of serving Berger.

The court also observes that the screenshot of Berger's LinkedIn profile provides an option to "Send Henrique InMail," which the court presumes to be a way to send an e-mail through LinkedIn. The best available means of reaching Berger, therefore, is to serve process via e-mail at his gmail address and through LinkedIn. Accordingly, the court orders UBS to serve process on Berger at the e-mail address, hberger57@gmail.com, and via the InMail link on Berger's LinkedIn profile.[2] UBS also must attempt to serve Berger at any other e-mail addresses it has for Berger.

This disposes of ECF No. 14.

**IT IS SO ORDERED.**

Dated: January 17, 2014

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] If UBS is unable to send attachments through InMail, then it must notify Berger through InMail that it has served him with process at the hberger57@gmail.com e-mail address and of the contents of this order.