UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| UBS FINANCIAL SERVICES INC., a Delaware corporation,<br><br>      Petitioner,<br><br>  v.<br><br>HENRIQUE BERGER, an individual,<br><br>      Respondent.<br>_____/ | No. C 13-03770 LB<br><br>**ORDER REGARDING DEFAULT JUDGMENT** |

In thinking about the procedural posture of this case, with a non-appearing respondent, the court will not have jurisdiction to enter judgment and instead will have to order the case reassigned and recommend that the district court confirm the award and enter judgment. For a clean record on a default judgment, the court's view is that the right process is for petitioner to seek entry of default from the clerk of the court and then move for a default judgment. This can be done on an abbreviated time line.

The general standard (which the court borrows from one of its recent orders) is as follows:

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for—and the court may grant—a default judgment against a defendant who has failed to plead or otherwise defend an action. *See Draper v. Coombs*, 792 F.2d 915, 925 (9th Cir. 1986). Default judgments are generally disfavored because "cases should be decided on the merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). The court must consider the following factors when deciding whether to use its discretion to grant a motion for

1  default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's
2  substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action;
3  (5) the possibility of a dispute about the material facts; (6) whether the default was due to excusable
4  neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions
5  on the merits. *Id*. at 1471-72.

6  In the context of a petition to enforce the arbitration award, the standard is deferential, and the
7  court recites the above factors only for context. The court's view is that after the clerk's office
8  issues the default, Petitioner can file a very short motion for default judgment that incorporates by
9  reference the motion to confirm the arbitration award. Petitioner then would serve both on petitioner
10 by email, give two weeks to oppose it (which is the normal time under the local rules), and file a
11 proof of service. Then the record would be clean. The court is not opposed to keeping the matter on
12 calendar for April 17, 2014. The court keeps defaulted matters on calendar for a clean record and
13 for clear notice to a respondent about the obligation to respond.

14 If counsel thinks a different process is required, or thinks that the time frame should be different,
15 he should notify the court by April 1, 2014 (the date for the reply brief).

16 **IT IS SO ORDERED.**

17 Dated: March 31, 2014

_____
LAUREL BEELER
United States Magistrate Judge